UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT R. HERKES**                    **CIVIL ACTION**

**VERSUS**                              **NO. 07-6249**

**STATE FARM FIRE and**                 **SECTION:  C (2)**
**CASUALTY COMPANY**

### ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action.  The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 3). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994)  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal

1

court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

In response to the Court's order, State Farm Fire and Casualty Company ("State Farm") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 8).  To illustrate the amount in controversy, State Farm points to the plaintiff's policy limits of $86,763 under dwelling, $4220 for contents, and actual value for loss of rents.  State Farm also asserts that the plaintiff's request for attorneys' fees and penalties places his claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal.  The relevant inquiry concerns damage to the property, not the value of the policy.  The plaintiff states in his memorandum that based on

an expert adjuster's estimate his property sustained $36,344.59 in wind damage, and he has been

paid $10,964.73 as of the date of removal by State Farm.  He also states that he sustained

damages to his contents of over the policy limits of $4,705,[1] and that his loss of rents totaled

$6,600, and State Farm has paid him $550.  The plaintiff submits that, considering these figures,

his claim under the policy was $36,134.86 less depreciation for dwelling at the time of removal.

State Farm points to nothing that would refute plaintiff's estimation of the value of the damage

to his property, or that would suggest the limits of the policy are implicated in this case.  Though

the defendant notes that the plaintiff has also made claims for penalties and attorneys' fees under

various Louisiana statutes, it must do more than point to the possibility of penalties and fees and

must present facts indicating the propriety or likelihood of such penalties should the plaintiff

prevail.  *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.); *De Aguilar*

*v. Boeing Co.*, 47 F.3d 1414, 1410 n.8, 1412 (5th Cir. 1995).  The amount the plaintiff might

recover is entirely speculative in this case, and the defendant points to nothing that would

suggest otherwise.

Thus, based on the record and the law, the Court finds that the defendant has not

established that it is facially apparent that the claims are likely above the jurisdictional minimum

or set forth facts in controversy that support a finding of the jurisdictional minimum.  The Court

is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*,

---

[1]Though there is a slight difference in the amounts claimed as the contents policy limits by each party, and in the amount paid by State Farm, this difference is not relevant to the Court's analysis.

592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice &*

*Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.

C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.


      Accordingly,

      IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for

the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).


      New Orleans, Louisiana, this 8th day of January, 2008.


HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE